UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
AT HARTFORD

MICHAEL C. THOMPSON
    (Petitioner)
V.

DHS/ICE/ATTORNEY GENERAL
    (Defendants)

OCT 25 2023 PM 1:33
FILED-USDC-CT-HARTFORD

PETITION FOR WRIT OF MANDAMUS

Now comes the Petitioner, Michael Charles Thompson, and pursuant to 28 U.S.C.S. 1361, respectfully requesting this Honorable Court, to compel the above named defendants and their agencies to IMMEDIATELY have the Petitioner RETURNED to the United States.

Petitioner asserts the following FACTS as the basis for court action(s) now being pursued as a matter of justice and Constitutional rights.

FACTS:

1. Petitioner is a citizen of the United States;

2. Petitioner acquired United States citizenship through the naturalization of his biological mother.

3. At the time Petitioner's mother acquired citizenship by naturalization, Petitioner was 14 years old and under the age of 18.

4. Petitioner was born on June 11, 1960;

5. Petitioner's biological parent (mother) acquired United States citizenship on or about March 21, 1975 and at all times Petitioner resided with his biological parent (mother);

6. Petitioner acquired United States citizenship pursuant to the Immigration Nationality Act Section 320 which provides that "children acquire citizenship if they satisfy certain

requirements before age eighteen (18) which include: Have at least one U.S. citizen parent by birth or naturalization."

7. Petitioner was deported/removed to his native country of Jamaica by the former Immigration and Naturalization Service (INS), now Immigration and Customs Enforcement (ICE), on or about December 1990;

8. Petitioner's deportation/removal was predicated on a state conviction in violation of Connecticut General Statutes 21a-277a, possession of narcotics with intent to sell;

9. The former Immigration and Naturalization Services (INS) FAILED to ensure that Petitioner's Due Process rights of his rights to liberty and pursuant to Amendment 14, Section 1 which reads in part "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

10. Petitioner has filed petitions with the Immigration Court at Hartford Connecticut in pursuit of rectifying and correction of Petitioner's deportation/removal.

11. Petitioner is with knowledge that the petition filed with the Immigration Court can be acted upon with urgency by the attorney general's office which is counsel for the agency, however, the matter is so far a stalemate.

12. Petitioner's status as a United States citizen should be a matter of urgency and interests to be afforded priority and immediate action(s) by the agency and its counsel, the attorney general's office.

LEGAL ARGUMENTS:

It was the duty of the former Immigration and Naturalization Services (INS) and its counsel(s) of the United States Attorney General's office to ensure the Petitioner was or was not a United States citizen and not just an immigrant who might have possessed the privilege(s) of being a green card holder before instituting deportation/removal proceedings against Petitioner. By deporting/removing Petitioner without thorough background investigation, the agency and its counsel(s) abridged the privileges and immunities of Petitioner's citizenship of the United States.

Petitioner's liberty interests and protections were unlawfully taken away and denied by the agency (INS) and the counsel(s) thereof, the United States Attorney General's office, without DUE PROCESS of the laws and Constitution of the United States which is seen as attributing to total negligence and willful actions pursuant to abuse of power(s).

Petitioner's equal protection of laws of the United States which rests in the jurisdiction of the agency (INS) and the attorney general's office were seen by Petitioner as acts of abuse of powers and discretion to thoroughly investigate the status of presence in the United States before initiating deportation/removal.

In furtherance, it is the interests of Petitioner to be restored to his rightful place of domicile as a citizen and lawful resident in the United States with the rights and protection(s) of United States constitution's amendments entitlements.

Petitioner has been the subject of hardship and stress for over thirty (30) years due to the actions and inactions of the former Immigration and Naturalization Services (INS) and the Attorney General's office counsel(s) who both saw Petitioner as just another Jamaican immigrant who have committed an offense deemed deportable as contained in the laws which warranted deportation/removal from the United States.

Petitioner's deportation/removal from the United States, WITHOUT thorough investigation by the former Immigration and Naturalization Services (INS) and the

Attorney General's office counsel(s) can only be seen as ACTS of discrimination and prejudice towards certain residents of the United States when both FAILED to thoroughly investigate Petitioner's status but instead ACTED with abuse of power, arbitrary and capricious manner due to the power(s) invested within their authority in regards to the requisite protocols which MUST be taken before and during action(s) and inaction(s) to safeguard Petitioner's constitutional rights and protections mandated by the United States constitution.

The former Immigration and Naturalization Services (INS) is policing body which takes into custody, person(s) deemed to have committed an offense and must face the court, immigration court, to be tried and found deportable based on the custodial action of the agency and its investigation coupled with the evidence(s) found.

However, the Attorney General's office, which is the prosecutorial body, is not only established to obtain a conviction but also to see that justice is done according to the mandates of the law(s). Here, the action(s) of the counsel for the Attorney General's office have undoubtedly acted within a dereliction of duty tantamount to abuse of power and total disregard for the necessary steps to be taken in ensuring that, Petitioner is a deportable/removable resident of the United States.

It would not be sufficient say, on the parts of the former Immigration and Naturalization Services (INS) and the counsel(s) for the Attorney General's office, to say that their action(s) and inaction(s) in deporting/removing Petitioner to his native country of birth, Jamaica, is/was an oversight due to the volume of immigration matters to be brought to the immigration court for disposition/decision and thus is a result of hasty action(s) to minimize and ease the volume of cases. Instead, Petitioner's immigration matter was done deliberately pursuant to the decision making power(s) of both agencies of the United States government which they possessed.

Attorney General's office counsel(s) can only be seen as ACTS of discrimination and prejudice towards certain residents of the United States when both FAILED to thoroughly investigate Petitioner's status but instead ACTED with abuse of power, arbitrary and capricious manner due to the power(s) invested within their authority in regards to the requisite protocols which MUST be taken before and during action(s) and inaction(s) to safeguard Petitioner's constitutional rights and protections mandated by the United States constitution.

The former Immigration and Naturalization Services (INS) is policing body which takes into custody, person(s) deemed to have committed an offense and must face the court, immigration court, to be tried and found deportable based on the custodial action of the agency and its investigation coupled with the evidence(s) found.

However, the Attorney General's office, which is the prosecutorial body, is not only established to obtain a conviction but also to see that justice is done according to the mandates of the law(s). Here, the action(s) of the counsel for the Attorney General's office have undoubtedly acted within a dereliction of duty tantamount to abuse of power and total disregard for the necessary steps to be taken in ensuring that, Petitioner is a deportable/removable resident of the United States.

It would not be sufficient say, on the parts of the former Immigration and Naturalization Services (INS) and the counsel(s) for the Attorney General's office, to say that their action(s) and inaction(s) in deporting/removing Petitioner to his native country of birth, Jamaica, is/was an oversight due to the volume of immigration matters to be brought to the immigration court for disposition/decision and thus is a result of hasty action(s) to minimize and ease the volume of cases. Instead, Petitioner's immigration matter was done deliberately pursuant to the decision making power(s) of both agencies of the United States government which they possessed.

requirements before age eighteen (18) which include: Have at least one U.S. citizen parent by birth or naturalization."

7. Petitioner was deported/removed to his native country of Jamaica by the former Immigration and Naturalization Service (INS), now Immigration and Customs Enforcement (ICE), on or about December 1990;

8. Petitioner's deportation/removal was predicated on a state conviction in violation of Connecticut General Statutes 21a-277a, possession of narcotics with intent to sell;

9. The former Immigration and Naturalization Services (INS) FAILED to ensure that Petitioner's Due Process rights of his rights to liberty and pursuant to Amendment 14, Section 1 which reads in part "all persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside; No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

10. Petitioner has filed petitions with the Immigration Court at Hartford Connecticut in pursuit of rectifying and correction of Petitioner's deportation/removal.

11. Petitioner is with knowledge that the petition filed with the Immigration Court can be acted upon with urgency by the attorney general's office which is counsel for the agency, however, the matter is so far a stalemate.

12. Petitioner's status as a United States citizen should be a matter of urgency and interests to be afforded priority and immediate action(s) by the agency and its counsel, the attorney general's office.

LEGAL ARGUMENTS:

It was the duty of the former Immigration and Naturalization Services (INS) and its counsel(s) of the United States Attorney General's office to ensure the Petitioner was or was not a United States citizen and not just an immigrant who might have possessed the privilege(s) of being a green card holder before instituting deportation/removal proceedings against Petitioner. By deporting/removing Petitioner without thorough background investigation, the agency and its counsel(s) abridged the privileges and immunities of Petitioner's citizenship of the United States.

Petitioner's liberty interests and protections were unlawfully taken away and denied by the agency (INS) and the counsel(s) thereof, the United States Attorney General's office, without DUE PROCESS of the laws and Constitution of the United States which is seen as attributing to total negligence and willful actions pursuant to abuse of power(s).

Petitioner's equal protection of laws of the United States which rests in the jurisdiction of the agency (INS) and the attorney general's office were seen by Petitioner as acts of abuse of powers and discretion to thoroughly investigate the status of presence in the United States before initiating deportation/removal.

In furtherance, it is the interests of Petitioner to be restored to his rightful place of domicile as a citizen and lawful resident in the United States with the rights and protection(s) of United States constitution's amendments entitlements.

Petitioner has been the subject of hardship and stress for over thirty (30) years due to the actions and inactions of the former Immigration and Naturalization Services (INS) and the Attorney General's office counsel(s) who both saw Petitioner as just another Jamaican immigrant who have committed an offense deemed deportable as contained in the laws which warranted deportation/removal from the United States.

Petitioner's deportation/removal from the United States, WITHOUT thorough investigation by the former Immigration and Naturalization Services (INS) and the

WHEREFORE, Petitioner respectfully ask this Honorable United States District Court of Connecticut to;

(a) Order the Immigration Services and the Attorney General's office counsel(s) to have Petitioner IMMEDIATELY returned to the United States.

(b) Afford Petitioner all his constitutional rights and protections as contained in the due process clauses and rights of the 4th, 5th and 14th Amendments.

(c) Any other remedies this Honorable Court deems necessary as a matter of rights, justice and law.

Respectfully submitted

*[signature]*         Date: 10 / 17 /2023

Michael C. Thompson
71 Woodhaven Avenue
Kingston 19
Jamaica, W.I.

CERTIFICATION

This is to certify that a copy of this foregoing Petition For Writ of Mandamus was mailed to the office of Chief Counsel, DHS/ICE, AA Ribicoff Federal Building, 450 Main Street, Room 483, Hartford, CT, 06103-3060, on this date __10__/__17__/2023, by Petitioner.

*M Thompson*
Michael C Thompson
71 Woodhaven Avenue
Kingston 19
Jamaica W.I.